IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRITTANY HUDSON, Petitioner, | : | PRISONER HABEAS CORPUS 28 U.S.C. § 2241 |
| v. | : | |
| UNITED STATES OF AMERICA, et al., Respondents. | : | CIVIL ACTION NO. 1:23-CV-05734-TCB-RDC |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner Brittany Hudson, confined at the Robert A. Deyton Detention Facility in Lovejoy, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner has paid the filing fee.

Petitioner filed a motion for release. (Doc. 2.) Such a motion is duplicative of the remedy sought in the instant petition. Accordingly, Petitioner's motion for release (Doc. 2) is **DENIED as unnecessary**.

This matter is before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to 28 U.S.C. § 2241 actions, as provided in Rule 1(b). Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").

For the reasons stated below, it is **RECOMMENDED** that this action be **DISMISSED**.

## I. Discussion

Petitioner is a federal pretrial detainee who has been charged with various counts of fraud. (*See* Doc. 1 at 1–2); *United States v. Hudson*, No. 1:22-cr-00362-TCB-RDC-1 (N.D. Ga. filed Sept. 29, 2022); *United States v. Hudson*, No. 1:23-cr-00131-TCB-RDC-1 (N.D. Ga. filed Apr. 19, 2023). A review of the docket sheets for Petitioner's criminal cases confirms that Petitioner's cases remain active and pending. In particular, as relevant here, on February 2, 2023, the Court revoked Petitioner's bond. *Hudson*, No. 1:22-cr-00362-TCB-RDC-1, Doc. 13. On November 21, 2023, the Court denied Petitioner's motion for bond. *Id.*, Doc. 40; *Hudson*, No. 1:23-cr-00131-TCB-RDC-1, Doc. 94. On February 6, 2024, the Court granted a motion for continuance, and a pretrial conference is scheduled for March 13, 2024. *Hudson*, No. 1:22-cr-00362-TCB-RDC-1, Doc. 46; *Hudson*, No. 1:23-cr-00131-TCB-RDC-1, Doc. 108.

In her § 2241 petition, Petitioner argues that she is being held in violation of her constitutional rights, the indictment against her is defective, evidence was gathered illegally, and the prosecution against her is motivated by bad faith. (Doc. 1 at 14–19.) She also alleges that there was no warrant, and she was not granted

an opportunity to question the grand jury. (*Id.* at 6, 10.) Petitioner seeks release on her own recognizance. (*Id.* at 19.)

However, Petitioner's claims are not properly brought pursuant to § 2241, as her petition raises matters that are more properly resolved in her pending criminal cases. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Ramirez v. Warden*, No. 21-11397, 2021 WL 5353066, at *1 (11th Cir. Nov. 17, 2021) (explaining that "habeas corpus proceedings are not intended as a substitute for the functions of the trial court" (internal quotation marks omitted)); *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (holding that "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial"); *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018) ("Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial."); *see also Garey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118, 121 (11th Cir. 2006) ("As to the remainder of Garey's claims in his § 2241 petition, this Court affirms the judgment and ruling of the district court that these claims were not properly brought pursuant to [28] U.S.C. § 2241, but should have been raised in his pending criminal case."); *cf. Farnsworth*

*v. Zerbst*, 97 F.2d 255, 256 (5th Cir. 1938) (ruling that an indictment's "sufficiency is not usually to be tested on habeas corpus, but by demurrer").

As the Seventh Circuit observed, "[i]t seems to us to go far afield to seek habeas corpus relief which could conceivably interfere with the trial judge's control of the criminal case pending before him." *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995). Petitioner raises run-of-the-mill claims that the trial court can easily handle. These claims do not warrant the extraordinary remedy of interfering with Petitioner's criminal proceedings. Accordingly, Petitioner must seek relief in her pending criminal cases rather than by way of habeas.

## II. CONCLUSION

For the reasons stated above, it is **ORDERED** that Petitioner's motion for release (Doc. 2) be **DENIED as unnecessary**, and it is **RECOMMENDED** that this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED**, this 7th day of February, 2024.

R. Cannon

REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE